UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | CRIMINAL NO. 15-40042-TSH |
| ) | |
| ANTWONE BENNETT, ) | |
| Defendant. ) | |

### MOTION TO VACATE CONVICTION PURSUANT TO
### 28 U.S.C. § 2255 AND *REHAIF v. UNITED STATES*, 139 S. Ct. 2191 (2019)

Pursuant to 28 U.S.C. § 2255, Antwone Bennett moves to vacate his convictions for being a felon (a proscribed status) in possession of a firearm and ammunition status under 18 U.S.C. § 922(g). In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held the government must prove that a defendant knew, at the time of the alleged possession, that he belonged to the relevant category of persons barred from possessing firearms and ammunition. *See Rehaif*, 139 S. Ct. at 2200. Pursuant to *Rehaif*, Mr. Bennett's convictions for being a felon in possession of a firearm and ammunition must be vacated.

In support of this motion, Mr. Bennett states the following:

1. Defendant was convicted of violating 18 U.S.C. § 922(g) (two counts) on May 13, 2016. On November 21, 2016, he was sentenced to 60 months' imprisonment. He has been released from prison, but remains on supervised release.

2. This is defendant's first motion pursuant to 28 U.S.C. § 2255.

3. Reversing every circuit court to decide the issue of knowledge of status, the Supreme Court held in *Rehaif* that: "To convict a defendant [under 18 U.S.C. § 922(g)], the Government [] must show that the defendant knew he possessed a firearm and *also that he knew he had the*

*relevant status* when he possessed it." *Rehaif*, 139 S. Ct. at 2194 (emphasis added). The rule announced in *Rehaif*, which narrows the scope of the offense, is a new substantive rule retroactively applicable to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004).

 4. The indictment in this case failed to allege knowledge of status as an essential element of the offense, thereby failing to allege an offense. Due to the defective indictment, this Court did not have jurisdiction to enter a judgment in the § 922(g) prosecution.

 5. The indictment violated Mr. Bennett's Fifth Amendment right to be charged by a grand jury.

 6. The indictment violated Mr. Bennett's Sixth Amendment right to notice.

 7. Mr. Bennett was not informed that knowledge of status was an essential element of the § 922(g) offense. Accordingly, his plea was not made knowingly and voluntarily, in violation of his Fifth Amendment right to due process.

 8. The *Rehaif* errors in Mr. Bennett's proceedings were prejudicial.

 9. Mr. Bennett's motion challenging his § 922(g) conviction is timely under 28 U.S.C. § 2255(f)(3). It is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. That right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

## CONCLUSION

For the foregoing reasons, Mr. Bennett requests the Court vacate his convictions.

> Respectfully submitted,
> ANTWONE BENNETT,
> By his attorney,
>
> */s/Ian Gold*
> Ian Gold (BBO# 665948)
> Law Office of Ian Gold
> 185 Devonshire Street, Suite 302
> Boston, MA 02210
> (617) 297-7686 (phone)
> ian.gold@iangoldlaw.com

Date:  June 22, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that true copies of this document will be served on the registered parties through the ECF system on this date June 22, 2020.